IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | CIVIL ACTION NO. **3:CV-10-1746** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID J. EBBERT, WARDEN | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On August 19, 2010, the Petitioner, Rafael Santos[1], formerly an inmate USP-Lewisburg, and currently an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood"), filed a 5-page typed Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, with attached Exhibits. (Doc. 1).[2] On September 15, 2010, Petitioner paid the required filing fee. (Doc. 4). To date, we have not yet directed service of the habeas petition (Doc. 1) on Respondent.[3]

We now give preliminary consideration to the habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977)

---

[1] We note that Petitioner Santos filed one previous action with this Court. *See* M.D. Pa. Civil No. 3:CV-02-1449.

[2] 28 U.S.C. § 2241(c)(3) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the Constitution or laws of the United States . . ."

[3] Petitioner named as the Respondent the Warden at FCI-Allenwood, his place of incarceration. Warden Ebbert is the proper Respondent since he has custody of Petitioner. 28 U.S.C. Sections 2242 and 2243.

(applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Rivera v. Martinez*, 2008 WL 4200133 (M.D. Pa.).[4]

**II. Claims of Habeas Petition.**

In his habeas petition (Doc. 1), Petitioner Santos asserts only one claim, namely that prison staff at FCI-Allenwood have incorrectly refused to reinstate his grade one employment status at UNICOR, which he had for about 15 years during his previous confinement at USP-Lewisburg. Petitioner states that when he was transferred to FCI-Allenwood on December 9, 2009, he was initially approved for a grade one position with UNICOR by the supervisor of education, J.M. Zielinski. Petitioner indicates that an inmate with a grade one pay earns more than inmates with a lower grade pay, and that he needs the grade one employment status to support his family and to maintain "a good sense of fatherhood and responsibility."

Petitioner states that he as exhausted all of his BOP administrative remedies with respect to his claim, but to no avail. Petitioner's exhibits largely pertain to his administrative remedy request and the responses from BOP officials. Specifically, Petitioner's exhibits show that he filed an administrative remedy request regarding his present claim on January 7, 2010, and that it was denied by Warden Ebbert on February 11, 2010. Petitioner's exhibits also show that he appealed his administrative remedy request subsequently to the BOP Central Office and that despite the Central Office's extension of time to respond to Petitioner's appeal, at the time Petitioner filed his

---

[4]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

habeas petition he still did not receive a final response from the Central Office.

In his February 11, 2010 Response to Petitioner's administrative remedy request, Warden Ebbert stated as follows:

> A review of this matter reveals that you were promotable to pay grade 1 while housed at USP Lewisburg. Upon arrival at FCI Allenwood the Literacy Coordinator found and determined you do not meet all the stipulations of the "Grandfather clause" exemption. Program Statement 5350.28, Literacy Program (GED Standard), states "Grandfather clause inmates include those who have been continuously employed in grades 3, 2, or 1 in covered positions since May 1982." Documentation reveals you began work in UNICOR at Allenwood on January 5, 2009. You were hired as a pay grade 4, promoted to pay grade 3 on April 1, 2009, and then promoted to pay grade 2 on June 1, 2009. Because you worked at pay grade 4 from January 5, 2009 through April 1, 2009, and you were not continuously employed in grades 3, 2, or 1 since 1982, you do not meet the qualifications for a pay exemption. Due to these factors, you have been re-categorized as an XN (Exempt, Non-promotable) inmate. It was the Assistant Supervisor of Education (ASOE) who erred by not researching your pay grade history in leading you to believe you were eligible for grade 1 pay. The error was not made by the Literacy Coordinator. You are not promotable above pay grade 4. You are welcome to re-enroll in the literacy program; with effort, you may acquire your GED and obtain a higher pay grade.

(Doc. 1, Ex. February 11, 2010 Warden Ebbert Response).

In his appeal of the Warden's Response to the Central Office, Petitioner stated that he satisfied the literacy requirements for a grade one UNICOR worker, which could be verified by the BOP records showing that he "was paid a grade one working for UNICOR since 1992/93." (Doc. 1, Ex. Petitioner's Central Office Appeal of February 11, 2010 Warden Ebbert Response). Petitioner contends that he did not have to complete the GED classes to be reinstated to his grade one employment position after his transfer to FCI-Allenwood since he was grandfathered in this position under BOP policy. However, Petitioner's own exhibits reveal that he was not eligible for a pay grade exemption under the grandfather clause (XP) which would permit him to receive pay

3

grade one despite the fact that he was a pay grade one at USP-Lewisburg. (Doc. 1, Ex. December 1 7, 2009 Memo from M. Keller, Literacy Coordinator at FCI-Allenwood). Keller indicated that since Petitioner was not in federal confinement prior to May 1982, when a mandatory literacy program was enacted, he was not eligible for a GED exemption. Also, Keller stated that Petitioner's prior GED exemption was valid only during the time he was confined at USP-Lewisburg.

Petitioner also states that prison staff at FCI-Allenwood have incorrectly determined that he never received a GED, when in fact he did. Petitioner states that he should be reinstated to his grade one employment status at UNICOR since he held this status for years during his confinement at USP-Lewisburg and maintained a good work performance.

As relief, Petitioner requests this Court "to set an order to [Warden] Ebbert to reinstate [his] grade-one [pay] status at the UNICOR sector."

As discussed below, we do not find that Petitioner has properly brought his present claim in a habeas petition, since it does not affect the length of his confinement, it does not relate to the execution of his confinement, and it is not a core habeas claim. Thus, we find that Petitioner has not raised a cognizable habeas claim.

**III. Discussion.**

As discussed below, we find that Petitioner's present request to have the Court order the Respondent Warden to reinstate his grade one pay status at UNICOR is not a core habeas claim cognizable in his § 2241 habeas corpus petition.

Since Petitioner's present claim does not raise a core habeas claim, Petitioner cannot raise his claim challenging the BOP's refusal to reinstate his former pay grade in a § 2241 habeas

petition. Petitioner's habeas claim that his pay grade classification is incorrect is simply not a core habeas claim.

Petitioner requests this Court to change his pay grade classification back to his USP-Lewisburg grade and thus make him eligible for more pay at UNICOR. Petitioner seemingly requests the Court to find that the BOP exceeded the scope of its authority in determining that he was not eligible to be grandfathered in as a grade one pay status, and he seeks the Court to order the BOP to reinstate his "grade-one status at UNICOR."[5]

Petitioner claims that his pay grade status has been incorrectly determined by the BOP staff at FCI-Allenwood. Petitioner states that since he was grade one pay status for about 15 years at UNICOR during his confinement at USP-Lewisburg, he should be reinstated to this pay grade at FCI-Allenwood by this Court. Petitioner's present claim clearly does not affect the length of his sentence, and as such, a habeas corpus petition is not the proper remedy. *See Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). Petitioner's stated habeas claim challenging a condition of his confinement such as his pay grade classification and eligibility for a higher pay rate at UNICOR , is not a core habeas claim and is cognizable only in a civil rights action.[6] *See Levi v. Ebbert*, 2009WL 2169171 (M.D. Pa.). We find that Petitioner's claim is not challenging the duration of his confinement. We also find that Petitioner's claim is not an attack on the execution of his federal

---

[5]As indicated, Petitioner states that he exhausted his BOP administrative remedies with respect to his present habeas claim and his exhibits seem to show that Petitioner did not receive a response to his final appeal from the BOP Central Office. Generally, an inmate must exhaust his BOP administrative remedies before he files a §2241 habeas petition in federal court. *See Redrick v. Gonzlaes*, 2006 WL 3694472 (M.D. Pa.).

[6] We note that Petitioner does not have any constitutionally protected property right to prison employment. *See Wilkins v. Bittenbender,* 2006 WL 860140, *9 (M.D. Pa.).

sentence. Rather, Petitioner's sole claim is challenging the rate of pay with respect to his prison employment. In short, whether Petitioner is classified at pay grade one for purposes of his prison job with UNICOR, does not affect the duration of his confinement and it is not an attack of the execution of his sentence.

Petitioner also states that the BOP staff at FCI-Allenwood wrongfully refuse to raise his pay grade back to one as it was when he was confined at USP-Lewisburg and that this refusal is causing him to earn less pay. This claim regarding Petitioner's pay grade is not a habeas claim. Rather, this claim is a challenge to Petitioner's conditions of confinement, and as such, this claim is not cognizable in a § 2241 habeas petition. *See Levi, supra*. *See also Burnam v. Marberry*, 2008 WL 4190785,*3 (W. D. Pa.) (if Petitioner is not asserting habeas claims under § 2241 challenging the execution of his sentence, the court does not have habeas jurisdiction over his claims) (citing *Woodall v. BOP*, 432 F. 3d 235, 242-43 (3d Cir. 2005)). In *Burnam*, the Court stated that after *Woodall*, "the Third Circuit has held, albeit in unpublished decisions, that an inmate's claim that implicates a BOP decision to transfer him from one penal institution to another penal institution does not fall within the scope of habeas jurisdiction." *Id*., *4(citations omitted). In our case, the BOP chose to transfer Petitioner from USP-Lewisburg to FCI-Allenwood and the staff at FCI-Allenwood found that Petitioner was not eligible to be at pay grade one since he did not have a GED, and staff found that Petitioner did not meet the grandfather exemption.

We find that Petitioner is not challenging the execution of his sentence in his present habeas petition. The length of the Petitioner's prison term will not be affected even if the Court rendered a decision in his favor and directed the BOP to reinstate his pay grade one status for his UNICOR

employment. Thus, Petitioner's stated claim "do[es] not amount to a challenge to the 'execution of his sentence and this Court does not have subject matter jurisdiction under 28 U.S.C. § 2241." *Burnam*, 2008 WL 4190785 at *4 & *5-*6 (inmate's challenge to the BOP's computation of his custody classification did "not impact the 'execution' of his sentence as required to confer habeas corpus jurisdiction on [the] court.").

Further, as noted, Petitioner has no constitutional right to any particular prison employment. *See Wilkins, supra*. Nor does Petitioner have a constitutional right to any particular job in the prison. *See Wright v. O'Hara*, 2002 WL 1870479, *5 (E.D. Pa.).

In *Vieux v. Smith*, 2007 WL 1650579, *3 (M.D. Pa.), the Court stated,

> an inmate's assignment to a work detail does not implicate either a liberty or a property interest. Indeed, an inmate has no recognizable Constitutional right to a particular prison job.FN6 *See Wright v. O'Hara,* 2002 WL 1870479, at *5 (E.D.Pa.2002) (' "We do not believe that an inmate's expectation of keeping a particular prison job amounts to either a property or liberty interest entitled to protection under the due process clause.' " (internal citations omitted)) (quoting *Bryan v. Werner,* 516 F.2d 233, 240 (3d Cir.1975)). Moreover, "it is uniformly well established throughout the federal circuits that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest." *See Cummings v. Banner,* 1991 WL 238140, at *5 (E.D.Pa.1991) (citing *James v. Quinlan,* 866 F.2d 627, 630 (3d Cir.1989); *Brian v. Werner,* 516 F.2d 233, 240 (3d Cir.1975); *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980)). Thus, Plaintiff's removal from his visiting room photographer work detail based on his conviction for a prior incident in which he introduced contraband into the visiting room does not implicate any protected Constitutional right.

(footnote omitted).

Further, insofar as Petitioner Santos is deemed as claiming that BOP staff at FCI-Allenwood incorrectly determined under BOP policy that he was not eligible for a pay exemption and that he was not entitled to be grandfathered in as a pay grade one, the *Vieux* Court held that "BOP policy

7

neither affords a property or liberty interest to [the inmate] nor confers any constitutional right to any inmate." *Id*.

We also find that the Petitioner is requesting relief in the form of Court intervention and management while he is in prison, *i.e.* a change in his prison employment pay grade with respect to his UNICOR job. The Court will not generally interfere with prison administration matters such as the prison's decision to place Petitioner at a particular pay level. The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002); *Vieux*, 2007 WL 1650579, *4.

In *Sake v. Sherman,* 2007 WL 2254529, *5 (W.D. Pa.), the Court stated:

> The federal habeas corpus statute provides, in relevant part, that
> a writ of habeas corpus shall not extend to Petitioner unless he demonstrates
> that he is in custody in violation of the Constitution or the laws of
> the United States. 28 U.S.C. § 2241(c)(3). He has not met this criteria.
> Petitioner has not demonstrated that his Constitutional rights have been
> violated. It is well settled that the BOP classification procedure is
> within the discretion of the Attorney General as delegated to the
> Director of the BOP, *see* 18 U.S.C. § 4081; 28 C.F.R. § 0.96;
> *see also Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d
> 447 (1979), to which inmates generally have no due process liberty
> interests. *See e.g. Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct.
> 274, 50 L.Ed.2d 236 (1976) ("Congress has given federal prison
> officials full discretion to control these conditions of confinement,
> 18 U.S.C. § 4081, and petitioner has no legitimate statutory or
> constitutional entitlement sufficient to invoke due process.");
> *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418
> (1995) (due process does not protect every change in the conditions
> of confinement having a substantial adverse impact on the prisoner, but
> rather those changes that impose atypical and significant hardship
> on the inmate in relation to the ordinary incidents of prison life);
> *Ali v. Gibson*, 631 F.2d 1126 93d Cir. 1980) (inmates have no liberty
> interest in being incarcerated at a particular prison) (citing *Meachum v.
> Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976);
> *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d

466 (1976)).

Thus, as stated, we find that Petitioner Santos does not state any due process claim with respect to his contention that the BOP improperly found he was not eligible to be a pay grade one, since he had no constitutional right to any specific prison job and BOP classification. *See Vieux, supra; Sake, supra*.

We find that the Court lacks subject matter jurisdiction over Petitioner Santos' present habeas claim regarding his pay grade and his eligibility to be reinstated as a pay grade one for a his UNICOR job because it dos not affect the length of his sentence and will not result in a quicker release of Petitioner from prison.

Thus, we shall recommend that Petitioner's habeas claim regarding his pay grade be dismissed since it is not cognizable in a § 2241 habeas petition.

## IV. Recommendation.

Based on the foregoing, we respectfully recommend that the Petitioner Santos' Habeas Corpus Petition **(Doc. 1)** be dismissed. Specifically, we recommend that Petitioner's habeas claim relating to his pay grade be dismissed since it is not a core habeas claim and it is not cognizable in a § 2241 habeas petition.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 23, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | CIVIL ACTION NO. **3:CV-10-1746** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID J. EBBERT, WARDEN | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **September 23, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                 **s/Thomas M. Blewitt**
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: September 23, 2010**