IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAFAEL SANTOS,
    Petitioner

v.

DAVID J. EBBERT, WARDEN,
    Respondent

CIVIL NO. 3:10-1746

(Judge Nealon)

(Magistrate Judge Blewitt)

**MEMORANDUM and ORDER**

On August 19, 2010, Petitioner, Rafael Santos, an inmate confined at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the appropriate filing fee. (Docs. 1, 4). On September 23, 2010, a Report was issued by United States Magistrate Judge Thomas M. Blewitt recommending that the petition be dismissed. (Doc. 5). Petitioner filed objections to the Report and Recommendation ("R&R") on October 8, 2010. (Doc. 7). The matter is ripe for disposition and, for the reasons set forth below, the R&R will be adopted.

**Discussion**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination

1

where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

Petitioner claims that prison staff at FCI-Allenwood incorrectly refused to reinstate his grade-one payment status at UNICOR and he requests that the Court order the Respondent, Warden Ebbert, to reinstate his grade-one pay status. (Doc. 1). Petitioner was previously incarcerated at USP-Lewisburg where he worked at UNICOR for approximately fifteen (15) years at grade-one employment status. (Doc. 1). Petitioner states that when he was transferred to FCI-Allenwood, he was approved a grade-one pay status, however prison staff refused to give him that pay status. (Doc. 5). Petitioner argues that he needs grade-one pay status to earn more money for his family. (Doc. 1). Petitioner requests that the Court order Warden Ebbert to reinstate his grade-one pay status. (Doc. 1, pg. 6).

The Magistrate Judge recommends that the petition be dismissed because the claim is not properly brought in a habeas petition, as it does not affect the length of Petitioner's confinement and does not relate to the execution of his confinement. (Doc. 5, pgs. 4-6). Upon review, the

Magistrate Judge has not erred in finding that Petitioner's claims are not properly presented in the habeas petition.

The United States Supreme Court stated in <u>Muhammed v. Close</u>, 540 U.S. 749, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004):

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254 [28 USCS § 2254], and a complaint under the Civil Rights Act of 1871, Rev Stat § 1979, as amended, 42 U.S.C § 1983 [42 USCS § 1983]. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500, 36 L. Ed. 2d 439, 93 S. Ct. 1827 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

<u>Muhammad</u>, 540 U.S. at 750-51. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Preiser</u>, 411 U.S. at 500. Further, the United States Supreme Court stated, "the essence of a habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." <u>Preiser</u>, 411 U.S. at 484. The Magistrate Judge also noted that habeas relief is available to a federal prisoner to challenge the execution of his sentence. (Doc. 22, pg. 3) (citing <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005)).

In the present matter, Petitioner is not challenging the fact or duration of his physical imprisonment, nor is he challenging the execution of his sentence. Petitioner is seeking to have

his grade-one pay status reinstated. (Doc. 5, pg. 6). The Magistrate Judge states that Petitioner's claim clearly does not affect the length of his confinement, rather it is a challenge to the conditions of confinement, and is not properly set forth in a habeas petition. (Doc. 5, pgs. 5-6). A challenge to the conditions of confinement is properly raised in a civil rights action, however Petitioner has no constitutionally protected right to prison employment. (Doc. 5, pgs. 5, 7) (citing Wilkins v. Bittenbender, 2006 WL 860140 (M.D. Pa.); Wright v. O'Hara, 2002 WL 1870479 (E.D. Pa.)).

In his objections, Petitioner states that the R&R is inaccurate and not supported by the facts. (Doc. 7). Further, Petitioner states that he is not demanding a particular job. (Doc. 7). However, Petitioner's objections to the R&R are not specific and only state that the Report is inaccurate. See Goney, 749 F.2d at 6-7 (A de novo determination is not required if the objections are not specific.). Moreover, Petitioner's claims are not properly brought in a habeas petition.

Based on the foregoing, the petition for writ of habeas corpus (Doc. 1) will be dismissed and the Magistrate Judge's Report and Recommendation (Doc. 5) will be adopted. An appropriate Order follows.

Date: December 3, 2010

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL SANTOS,<br>Petitioner<br><br>v.<br><br>DAVID J. EBBERT, WARDEN<br>Respondent | :<br>:<br>: CIVIL NO. 3:10-1746<br>:<br>: (Judge Nealon)<br>:<br>: (Magistrate Judge Blewitt)<br>: |

## ORDER

AND NOW, this 3rd day of December, 2010, IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation, (Doc. 5), is **ADOPTED**;

2. Petitioner's objections to the Report and Recommendation, (Doc. 7), are **OVERRULED**;

3. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), is **DISMISSED**;

4. The Clerk of Court is directed to **CLOSE** this case; and

5. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

United States District Judge